UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| WILLIAM CORY MULLINS, ) | Civil Action No.: 4:16-cv-3983-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| NUCOR CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

In this case, Plaintiff alleges discrimination and retaliation in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq., and wrongful discharge in violation of public policy. Presently before the court is Defendant's Motion to Dismiss (Document # 4) Plaintiff's cause of action for wrongful termination in violation of public policy. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

Under the public policy exception to South Carolina's at-will employment doctrine, an at-will employee has a cause of action in tort for wrongful termination where there is a retaliatory termination of the at-will employee in violation of a clear mandate of public policy. Ludwick v. This Minute of Carolina, Inc., 287 S.C. 219, 337 S.E.2d 213 (1985). However, it is well-established that a public policy discharge claim is proper only when a plaintiff has no available statutory remedy. See Heyward v. Monroe, 166 F.3d 332, 1998 WL 841494, *4 (4th Cir.1998) (applying South Carolina law and holding public policy discharge claim not allowed where employee had remedy under Title VII); Bolin v. Ross Stores, Inc., No. 08–cv–02759–MJP, 2009 WL 363990, *4 (D.S.C.

Feb.11, 2009) (citing <u>Zeigler v. Guidant Corp.</u>, No. 2:07-3448-MBS-RSC, 2008 WL 2001943 (D.S.C.2008)); <u>Ramsey v. Vanguard Servs., Inc.</u>, No. 07–00265, 2007 WL 904526 (D.S.C. Mar. 22, 2007) (granting defendant's motion to dismiss employee's wrongful termination claim because the plaintiff had an available statutory remedy under the South Carolina Payment of Wages Act); <u>Lawson v. S.C. Dep't of Corrections</u>, 340 S.C. 346, 350, 532 S.E.2d 259, 261 (S.C.2000) (public policy discharge claim not allowed where employee had remedy under state Whistleblower Act); <u>Stiles v. Am. Gen. Life Ins. Co.</u>, 335 S.C. 222, 228, 516 S.E.2d 449, 452 (1999) ("As these cases make clear, the <u>Ludwick</u> exception is not designed to overlap an employee's statutory or contractual rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists") (concurring opinion); <u>Dockins v. Ingles Markets, Inc.</u>, 306 S.C. 496, 498, 413 S.E.2d 18, 19 (S.C.1992) (public policy discharge claim not allowed where employee had remedy under Fair Labor Standards Act); <u>Epps v. Clarendon County</u>, 304 S.C. 424, 426, 405 S.E.2d 386, 387 (S.C.1991) (public policy discharge claim not allowed where employee had remedy under 42 U.S.C. § 1983).

Here, Plaintiff alleges that he was discharged from employment with Defendant because of his "disability/perceived disability" and as an action of retaliation, which he alleges was a violation of "the public policy of the state of South Carolina." Compl. ¶¶ 46-47. However, statutory remedies exist under both the ADA and the FMLA to redress the wrongs alleged by Plaintiff, <u>see</u> 42 U.S.C. § 12112(a) (anti-discrimination provision of the ADA); 42 U.S.C. § 12203 (anti-retaliation provision of the ADA); 29 U.S.C. § 2617 (FMLA), and Plaintiff has alleged causes of action under both statutes.

In his response, Plaintiff consents to dismissal of his cause of action for wrongful discharge in violation of public policy "without prejudice and leave to refile, should it be judicially determined

that no statutory remedies exists for the alleged wrongful discharge and retaliation." Pl. Resp. 1. Defendant asked for dismissal with prejudice in its motion.

Dismissal of Plaintiff's wrongful discharge in violation of public policy claim is appropriate with prejudice. A wrongful termination cause of action is available "to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists," Stiles v. American General Life Ins. Co., 335 S.C. 222, 228, 516 S.E.2d 449, 452 (1999), not to provide a remedy when a plaintiff is unable to prove his claim under an available statutory remedy. As stated above, statutory remedies exist under both the ADA and the FMLA to redress the wrongs alleged by Plaintiff, and Plaintiff has alleged causes of action under both statutes.

Therefore, it is recommended that Defendant's Motion to Dismiss (Document # 4) Plaintiff's wrongful discharge in violation of public policy claim be granted and the claim be dismissed with prejudice.

        s/Thomas E. Rogers, III
        Thomas E. Rogers, III
        United States Magistrate Judge

February 9, 2017
Florence, South Carolina